EDWARD H. BRAINARD, in *sci. fac.*, *vs.* JEREMIAH SHANNON.

*Disclosure of trustee. Personal wages—exemption. Payment—how appropriated.*

R. S., c. 86, § 55, exempting from the process of foreign attachment a sum not exceeding twenty dollars as wages for personal labor, does not apply to that which is due from the alleged trustee, for the wages or work of other men employed by the principal defendant, or due to him upon jobs into which other matters besides his personal labor, not capable of being distinguished from it, enter to prove the price he is to receive, even though the amount thus due at the time of the service of the process does not exceed the amount of his wages for his personal labor during the month next preceding.

It must appear by the disclosure, that the money is due as the wages of personal labor in order to bring it within the statute exemption.

Under a *bona fide* contract that the principal defendant, in a process of foreign attachment was to receive a certain sum *per diem* for his own wages, and pay for the work of others employed by him at a fixed rate, the wages of the principal defendant's personal labor, so far as can be ascertained from the accounts, not exceeding the statute amount during the preceding month, may be exempted.

Payments under such a contract, in the absence of any specific appropriation by the parties, would be appropriated to the earliest items of debit in the account.

In a disclosure on *scire facias*, all doubtful or uncertain statements are construed against the trustee having it in his power to make them positive.

Thus, where a trustee disclosed that at a time specified, the principal defendant in the original action was 'nearly paid up,' it is incumbent upon the trustee to show how nearly, and why any portion of the balance should be taken as due for personal wages, if he would have a further deduction upon that score.

Brainard v. Shannon.

Where in *scire facias* against a trustee, the exceptions state that the trustee was discharged on said disclosure, it cannot be contended that he was discharged because of the failure on the part of the plaintiff to exhibit the record alleged in the writ, unless such failure appear in the disclosure.

A respondent in *scire facias* against a trustee, will not be relieved from the payment of costs under R. S., c. 86, § 78, on the ground that the officer who served the original writ upon him, told him in the street that he had such a writ, but did not read it to him, or give him a copy, and that he did not know that it was necessary for him to appear and disclose, especially when the officer made return of legal service.

On EXCEPTIONS.

SCIRE FACIAS against the defendant, who was defaulted as trustee of one Turner in a process of foreign attachment.

The respondent disclosed substantially, as follows:

'That at the time of the service of the original writ upon him, to wit, on the 29th day of July, A. D. 1871, he had not in his hands and possession any goods, effects, or credits, of the said Turner, except as hereinafter stated.

That at the time of said service, said Turner, with divers servants of said Turner, was in the employment of the defendant; that his own wages were three dollars per day, and his servants' wages at an agreed price; that on July 29, 1871, the wages of Turner and his servants amounted to $252.45; that he had paid him $234.50, leaving a balance due Turner of $17.95.

That he did not disclose in the original action, because the officer who served the writ only told him in the street that he had such a writ, but did not give him a copy, or read it to him; and that being unacquainted with legal proceedings, he did not understand that it was necessary to appear and disclose.

That Turner did not work constantly with his men on the defendant's work, but had other jobs in progress at the same time.

That the amount of Turner's own work, done by himself in the month of July, before the service of the original writ, and all within one month next before said service, was $21.90.

That he had not paid Turner fully at any time, but nearly paid him up July 27, 1871, when he paid him $50. And after that, and up to July 29th inclusive, his own labor amounted to $2.25.

The presiding judge discharged the defendant on said disclosure, and thereupon the plaintiff alleged exceptions.

*F. Adams*, for the plaintiff.

*W. Gilbert*, for the defendant, cited R. S., c. 86, § 55, cl. 6; c. 86, §§. 73, 79, 71, 78; *Starret* v. *Barber*, 20 Maine, 457; *Portland Bank* v. *Brown*, 25 Maine, 295.

BARROWS, J. By R. S. of 1871, c. 86, § 55, among other rights and credits exempted from the process of foreign attachment, is a sum not exceeding twenty dollars due to the principal defendant as wages for his personal labor for a time not exceeding one month next preceding the service of the process, provided the suit is not for necessaries furnished him or his family.

But this provision does not exempt that which is due to him for the wages or work of other men employed by him, or due to him upon jobs into which other matters besides his personal labor, not capable of being distinguished from it, go to form the price which he is to receive, even though the amount thus due to him at the time of the service of the process does not exceed the amount of his wages for his own personal labor during the time specified.

It must appear by the disclosure, that the money is due as the wages of personal labor, in order to bring it within the statute exemption.

The disclosure expressly admits a balance due the principal defendant in the original process of $17.95. This negatives the idea started by respondent's counsel, that this was an incomplete job, upon which nothing was due until it was finished, or upon which respondent might be entitled to recoupment. The statement is, that Turner had been doing work for Shannon, for which he was to have a certain sum *per diem* for his own wages, and pay for the work of the men employed by him at a fixed rate. Under such a contract, honestly made without any fraudulent practice or design, we think that the wages of the principal defendant's personal labor may be exempted, so far as it can be ascertained from the accounts what is actually due for such wages.

Payments under such a contract also would be appropriated in the absence of any specific appropriation otherwise by the parties, to the earliest items of debit in the account. But all doubtful or uncertain statements must be construed against the party having it in his power to make them positive and definite.

Now the respondent says that a payment which he made to Turner July 27th, nearly paid him up. After that, and up to the time of the service of the original process, Turner's personal services, according to the account rendered, amounted to $2.26.

It follows, necessarily, that nearly all that accrued afterwards, was not for the wages of his personal labor, but was for the work of the men whom he employed.

'Nearly paid up.' It was incumbent on the respondent to have shown how nearly, and why any portion of the balance should be taken as due for the wages of the principal defendant's personal labor, if he would have had a further deduction on that score. On this disclosure, the respondent should have been charged for $15.70. But he was defaulted in the original suit, and this is *scire facias* to procure a judgment against him personally. He was called upon to make known to the court why the plaintiff should not have such a judgment.

He files the disclosure before us, and the exceptions state that 'on said disclosure,' the presiding judge decided to discharge him. His counsel now suggests, that it does not appear in the exceptions that there was any judgment in the original suit, or any demand by an officer on the trustee within thirty days after such judgment. If any failure on the part of the plaintiff to exhibit the record alleged in his writ of *scire facias*, was the true cause of the discharge, the statement in the exceptions that he was discharged on the disclosure, was untrue, and the exceptions should not have been allowed. The filing of a disclosure without raising any objection against the regularity of the previous proceedings, is a substantial admission that he was properly chargeable unless he discharged himself by his disclosure. What does he say in it? He says, 'he ought not to be adjudged, etc., because, he says, that at the

Brainard *v.* Shannon.

time of the service of the original writ, etc., he had not in his hands and possession any goods, effects, or credits of the said Turner, except as hereinafter to be stated.'

The exceptions say he was discharged on the disclosure, and this excludes the idea that it was upon any other plea or proof, matter or thing, except what appears in the disclosure. It is true that the whole case comes up under c. 86, § 79, to be re-examined and determined by the law court; but questions which have no foundation in the papers before us, cannot be raised by surmise at the suggestion of counsel.

But the vigilant counsel claims that the respondent ought at least to be relieved from the payment of costs on *scire facias* under § 78, because he says in his disclosure, that the officer who served the original writ upon him, only told him in the street that he had such a writ, but did not give him a copy, or read it to him, and he did not understand that it was necessary for him to appear and disclose.

So far as this goes to contradict the officer's return, it is not competent here. The respondent speaks elsewhere in his disclosure of the service of the original writ upon him, and gives the date of that service. If none was made, and he suffers thereby, it is a matter to be settled between him and the officer.

His own want of knowledge of his legal obligations upon being served with process, does not appear to us to be a sufficient reason for his non-appearance, to entitle him to relief in the matter of costs.

*Exceptions sustained. Trustee charged on disclosure for $15.70. Judgment for plaintiff for that sum and costs.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.